(79 Misc. Rep. 117.)

## YOUNG v. ROGERS.

(Supreme Court, Special Term, Orange County. January 18, 1913.)

LANDLORD AND TENANT (§ 134*)—ABANDONING PREMISES—INJUNCTION.

An owner, leasing a building to defendant, who used it as a hotel, but later surrendered the hotel license and took out a saloon license, cannot prevent the defendant filing an abandonment of the premises, under Liquor Tax Law (Consol. Laws 1909, c. 34) § 8, subd. 9, as added by Laws 1910, c. 494, as amended by Laws 1911, c. 298, providing that there could only be one saloon for each 750 persons, but that saloons which were running at the time of the passage could be abandoned and the business moved to another place by the person holding the license.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 482–486; Dec. Dig. § 134.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On motion by George Young to restrain Benjamin H. Rogers from filing a notice of abandonment of the premises occupied by him, and owned by the plaintiff, under the Liquor Tax Law. Denied.

Frank Lybolt, of Port Jervis, for plaintiff.

H. B. Fullerton, of Port Jervis, for defendant.

TOMPKINS, J. This is a motion by the plaintiff for an injunction pendente lite, in an action to restrain the defendant from filing a notice of abandonment of the premises occupied by him, and owned by the plaintiff, under subdivision 9 of section 8 of the Liquor Tax Law (Consol. Laws 1909, c. 34, as added by Laws 1910, c. 494, as amended by Laws 1911, c. 298). The plaintiff leased the premises to the defendant, who conducted a hotel upon said premises until October 1, 1912, at which time he surrendered his hotel license and took out a saloon license. His lease of the premises is about to expire, and the complaint alleges that he intends to abandon said premises for saloon purposes, and resume the same business upon other premises. There are already in the city of Port Jervis saloons and hotels in excess of one for every 750 population.

The facts are not in dispute, except, perhaps, as to whether the plaintiff's building complies with the law in respect to hotels, under subdivision 1 of section 8 of the Liquor Tax Law, and whether the defendant is entitled to a hotel license; but for the purpose of this motion I will assume that the defendant's hotel license, surrendered by him last year, was good, and that he had a right to a new certificate entitling him to traffic in liquors as a hotel keeper when he took out his saloon license the 1st of last October.

This is the view of the facts most favorable to the plaintiff, and yet I must hold that the plaintiff cannot maintain this action, and hence is not entitled to an injunction pendente lite. When the plaintiff rented the premises to the defendant, he assumed the risk of the defendant at any time changing his business from a hotel to a saloon business; and as a matter of fact the defendant did, upon the expiration of his last year's hotel license, apply for and receive a saloon license, and under that has been operating ever since. This was apparently without objection on the plaintiff's part; but I doubt whether any objection or action on his part could have prevented the defendant doing as he did, and taking out a saloon license instead of a hotel license. There was no provision in the lease limiting the defendant's right to the use of the premises for hotel purposes.

The defendant, now having a saloon license, is given absolute right by the statute to abandon the premises occupied by him, by filing a notice of abandonment under subdivision 9 of section 8 of the Liquor Tax Law, and the consent of the owner is not necessary; and I cannot see how this court can restrain the defendant from doing that which the Liquor Tax Law expressly authorizes him to do.

Motion denied, with $10 costs to the defendant, to abide the event.